Huffington for plaintiff, stated the claim to be for one half the rents of a farm since January 1828. The farm in question was owned by John Whaley, sen'r., who devised it to his wife for life, with remainder in fee to his two sons, James and Daniel. His widow had possession until 1828, when she died and defendant took possession, having administered on her estate. Daniel Whaley died in the life time of his mother, leaving an only son the plaintiff.
Objection was made to the plaintiff being permitted to give evidence of his title to the premises.
Johnson. — Title cannot be tried in this action. Plaintiff can recover only on the ground of contract.
Bates. — No contract or promise can be implied from an adverse holding. If possession be adverse or tortious, this action will not lie. Woodfall 349-50-52; 1 Esp. N. P. 57; 6 Johns.
48; 2 Saund. Pl. Ev. 891; 2 H. Blac. 321.
Frame. — The tort may be waived, and plaintiff may recover on an implied contract. 3 Stark. Ev. 1516-7. If he show title the law implies a promise, and he may recover against a trespasser. Adverse possession, unless it give a title, is no bar to the action.Woodfall 350 ; Cowp. 246. Here is no adverse possession. Mrs. Whaley had possession for thirty years, and the possession of a particular tenant for life is the possession of the remainder man.
By the Court. The plaintiff is at. liberty to proceed and show his title, and the defendant to controvert it by proof of title in himself. 2 Saund. PL Ev. 893-4; Woodfall 351. The law will infer a contract, when title is established and occupation shown.
 The plaintiff eventually had a verdict.